## Case No. 14,121.

### TOWNSHEND v. The MINA.

[25 Leg. Int. 380; 6 Phila. 482.]

District Court, E. D. Pennsylvania. 1868.[1]

SEAMEN—WAGES—FOREIGN VESSEL—SUBMISSION TO CONSUL.

[If a seaman on a British vessel submits his claim for wages to the consul, but disregards the latter's award, and files a libel, the court will not take jurisdiction, unless the award was clearly wrong.]

This was a libel for wages by the first mate of the brig Mina. Owing to alleged disobedience of orders, whereby part of the vessel's tackle was lost, the captain claimed to defalk from the wages due to the mate the cost of a hawser, etc. The mate referred the question involved, with the concurrence of the captain, to the decision of the British consul at the port of Philadelphia. The consul investigated and decided the dispute. The mate then disregarded the award by the consul, and filed his libel just before the brig left port. Security was entered through the consul's intervention, the vessel sailed, a proctor was retained to defend the cause, and testimony was taken on both sides.

[1] [Reprinted from 25 Leg. Int. 380, by permission.]

Charles Gibbons and Morton P. Henry, for libellant.

MacGregor J. Mitcheson, for defendant.

CADWALADER, District Judge. This was a British vessel. The libellant shipped under articles conformable to the present law of England; but as the voyage was ended on her arrival at this port, he had an option to invoke the jurisdiction of this court, or to ask and submit to the interposition of the British consul. He adopted the latter course; and had the application been rejected by the consul, or improperly acted upon by him, or had the master or owners of the vessel not responded to the libellant's request of consular interposition, I might still, with caution, have entertained the jurisdiction. The case, however, went on, in a friendly way, to a decision of the whole subject in controversy by the British consul. Had this decision been so extravagant as to shock the intelligence of a judicial tribunal in a civilized country, I might have disregarded the award or decision. I say "award or decision," without using the words in a strictly technical sense. The result of this case was the decision of a question of considerable doubt, in part, against the libellant. The consul appears to have taken great pains, and I have his written statement of the account of the libellant, particularly set forth, as he adjudicated and settled it. He decided that there was due to him, in the currency of this place, one hundred and three dollars and seventy-six cents ($103.76), and the money remains in the consulate for him.

It is not for me to decide whether I should have arrived at precisely the same conclusion as the consul did. I am quite sure that he had greater facilities for arriving at a correct knowledge of the facts than I can have. To disregard his decision would be to establish a precedent which might be very dangerous. It might tempt to much needless and improper litigation, and lead to double dealing on the part of those who, having submitted the decision of similar difficulties to the judgment of a consul, might afterwards, without reason, and for improper motives, claim the jurisdiction of this court. If the sum of one hundred and three dollars and seventy-six cents ($103.76) is sent within three days to the proctor for libellant, or, in the event of his refusing to accept it, is paid into court, the libel will be dismissed at the cost of the libellant. This would not be the form of adjudication in a court of common law, where judgment would be given at once for this amount. But I think the judgment of dismissal, after payment, more conformable to the proper method of procedure, in a court of admiralty, where it is unwilling to exercise jurisdiction.

I think it my duty to add that the conduct of the consul, in this case, deserves great commendation, and is in striking contrast with the former course of some other consuls in other parts of the world, who, with captious opposition to courts of maritime juris-

diction, have sometimes raised diplomatic questions as to matters of slight importance, and not in themselves very intricate. Such captiousness may often occasion unjustifiable embarrassments, besides much expense and inconvenience. In this case, the consul in no respect interfered with the libellant's invocation of the subsequent interposition of this court, but merely suggested the improbability that the court would entertain the jurisdiction. The consul appears, very properly, to have employed Mr. Mitcheson as proctor and advocate in the cause, but, in form, as proctor and advocate for the respondent, and not of the consulate.

Whereupon MacGregor J. Mitcheson, as proctor and advocate for defendant, in open court, tendered to pay to Morton P. Henry, libellant's proctor, the sum of one hundred and three dollars and seventy-six cents as in the said decree adjudged; which said sum of money the said libellant's proctor then and there declined to accept, and appealed from the decision of the court to the circuit court of the United States. This appeal was dismissed.

---

## TOWNSHIP OF.

[Note. Cases cited under this title will be found arranged in alphabetical order under the names of the townships.]